HARDY, Judge
(dissenting).
While I am in thorough accord with the principles enunciated and the supporting authorities cited in the majority opinion, I emphatically disagree with what I regard as the completely illogical conclusion which has been reached by my brethren.
After carefully developing the codal articles, the principles set forth therein and the somewhat limited jurisprudence interpreting these principles, the opinion departs tangentially from this concededly sound basis. The opinion then proceeds, in effect, to conclude that when a prohibited division of an obligation has ceased to exist only because of the fulfillment of all of the said obligation, save that of the divided portion, a debtor is bound, notwithstanding the fact that the original division of the obligation by his creditor or creditors was squarely prohibited by Article 2109 of the LSA-Civil Code.
With all respect I firmly believe this conclusion to be thoroughly untenable. The opinion has the effect of sanctioning the enforcement of a prohibited action of creditors performed without the consent of the debtor.
The opinion, somewhat weakly, attempts to justify its untenable conclusion in the instant case upon the ground that, in the final analysis, the debtor has not been harmed, since he is now only called upon to pay the divided portion of his obligation to one creditor and, therefore, is not subjected to a possible multiplicity of suits. I doubt if I have ever encountered, in any judicial pronouncement, a more classic illustration of the application of the principle of “hindsight” to the determination of a question of law.
That part of the opinion which carefully points out the validity of a divided obligation as between assignor and assignee is entirely superfluous under the facts of the instant case. This is not an action between assignor and assignee but it is an action by the creditors’ assignee against the debtor in the attempt to enforce an obligation originally confected in violation of the codal prohibition.
My conclusion may be summarized as follows:
(1). The original assignment by some of the creditors of a part of the debtor’s obligation was an absolute nullity as against the debtor.
(2). The ab initio nullity cannot be cured by any subsequent developments.
For the reasons set forth, I respectfully, but firmly, dissent.
Rehearing denied;
HARDY, J., dissents.